United States District Court
Southern District of Texas
**ENTERED**
November 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK IVAN RIVERA, § | |
| (SPN #27723178) § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-3219 |
| § | |
| ED GONZALES, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erik Ivan Rivera, an inmate in the Harris County Jail, representing himself, filed a civil-rights complaint under 42 U.S.C. § 1983. He alleges that he was wrongly convicted of sexually assaulting a child. He seeks damages of $80,000 for every year he was in prison and $25,000 for every year he has been registered as a sex offender.

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2). If the complaint fails to state a claim for relief, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii).

Rivera's civil rights complaint, which challenges his continued confinement pursuant to a state court judgment of conviction, does not articulate a claim for which relief may be granted under 42 U.S.C. § 1983. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* at 487. If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Rivera does not claim that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Absent a showing that his sentence has been invalidated or set aside, the rule in *Heck* precludes any claim for damages.

Rivera's claims are dismissed without prejudice, but with a bar to refiling unless and until the *Heck* conditions are met. The complaint is dismissed under 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED on November 22, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge